UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAMAGES (DKT. 293); PLAINTIFF'S MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST, COSTS, AND PERMANENT INJUNCTION (DKT. 294); DEFENDANT MULTICHIP DISPLAY INC.'S MOTION TO EXCLUDE DAMAGES EVIDENCE (DKT. 295)

Three motions are pending before the Court: 1) Plaintiff Lawrence E. Tannas' ("Plaintiff" or "Tannas") Motion for Partial Summary Judgment as to Damages (Dkt. 293); 2) Plaintiff's Motion for Remedies Other Than Damages (Dkt. 294); and 3) Defendant Multichip Display Inc.'s ("MDI") Motion to Exclude Damages Evidence (Dkt. 295).

Plaintiff's Motion for Partial Summary Judgment is GRANTED-IN-PART. Plaintiff's Motion for Remedies Other Than Damages is GRANTED-IN-PART. MDI's Motion to Exclude Damages Evidence is DENIED.

**1.     The Parties' Disclosures of Damages Theories and Defendant's Motion to Exclude Damages Evidence**

Each party spills significant ink disputing the adequacy of the other's damages disclosures and theories. What's become clear from the pontificating is that neither party disclosed a

CIVIL MINUTES - GENERAL
Page 1 of 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

damages expert in this case, and neither party adequately disclosed a damages theory. The earliest disclosure of any "damages theories" came about when Plaintiff filed its Motion for Damages in July 2017 (*see* Dkt. 262, filed Jul. 27, 2017) and Defendants filed an untimely response in September 2017 (*see* Dkt. 276, filed Sept. 11, 2017). Plaintiff argues that it adequately disclosed its damages theory earlier, in a fourth supplemental initial disclosure document emailed to Defendants' previous counsel in October 2016 (Dkt. 305 at 3 (citing Dkt. 305-2)) and in emails in December 2016 to MDI's counsel (*see, e.g.*, Dkt. 293-6). At a minimum, the timing and content of the disclosures and emails were inadequate to inform the two *pro se* defendants in this case, Donald Macintyre and Char Bugna, and MDI and its current counsel in this case of Plaintiff's damages theories.

Both parties essentially failed to provide adequate damages disclosures during the course of this litigation. The playing field is even here. With the shortcomings of both parties' conduct in mind, Defendant's Motion to Exclude Damages Evidence (Dkt. 295) is DENIED and Plaintiff's request that the Court sanction Defendants by not considering their opposition to Plaintiff's Motion for Partial Summary Judgment regarding damages is rejected. As an aside, the Court notes that procedural deficiencies once again plague Defendant's Motion to Exclude Evidence. It's alternatively denied for Defendant's failure to meet the requirements of Local Rules 37-1, 37-2, and 37-3. Defendants have raised purported violations of the local rules enough times as a sword that they should be abiding by all their provisions at this point in litigation.

## 2. Plaintiff's Motion for Partial Summary Judgment as to Damages

### 2.1 Compensatory Damages

Plaintiff argues that it is entitled to "at least a reasonable royalty" for Defendants' infringement. (Dkt. 293-1 at 4.) Plaintiff specifically asserts that it is entitled to a royalty calculation based on an established royalty. (*Id.*)

"A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

1120 (S.D.N.Y.1970)." *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010) (citing *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); *Minks v. Polaris Indus.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008)). An established royalty is generally considered "the best measure of reasonable and entire compensation." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983) (quoting *Tektronix, Inc. v. United States*, 552 F.2d 343, 347 (Ct. Cl. 1977), *cert. denied*, 439 U.S. 1048 (1978)). Indeed, the first factor of the fifteen *Georgia-Pacific* factors requires an analysis of "[t]he royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty." 318 F.Supp. at 1120. "Prior licenses, however, are almost never perfectly analogous to the infringement action." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) (citation omitted). The licenses identified must be evaluated to "account for difference in the technologies and economic circumstances of the contracting parties." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010). Licenses that are litigation settlement agreements are generally disfavored. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012). Moreover, "[a] single licensing agreement, without more is insufficient proof of an established royalty." *Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1446 (Fed. Cir. 1990).

Plaintiff states that it has entered into thirteen license agreements, with four related to selling resized displays in the aerospace field. Two of the four aerospace license agreements included upfront fees or payments of $100,000 and guaranteed minimum royalty payments of $4,500 per quarter. (*See, e.g.*, Dkt. 293-11, Dkt. 293-12.) It's unclear whether one or both of these agreements were settlement agreements in response to threatened or pending litigation. (*See, e.g.*, Dkt. 293-11 at 13.) But the other two licenses are different. One of the licenses required only an initial payment of $17,000 and guaranteed minimum royalty payments of $4,500 per quarter. Plaintiff seems to imply this license shouldn't be relied on because it was limited to a term of three years. (Dkt. 293-1 at 6.) The final licensee "became a licensee in 2016 by way of a sale of Tannas Electronic Displays, Inc. to Pixel, and does not pay any royalties." (Dkt. 293-1 at 6.) This fourth license agreement isn't included in Plaintiff's papers. As with Plaintiff's Motion for Damages filed in July 2017, MDI also challenges whether the licenses are comparable, arguing that one of the $100,000 licenses relates to manufacturing and other processes that MDI does not do. (Dkt. 296 at 9.) Plaintiff does not address this assertion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

As noted, the parties didn't disclose damages experts in this case. Instead, Plaintiff essentially relies on attorney argument with minimal analysis before pronouncing, "[t]he established royalty for aerospace applications is thus an initial fee of $100,000, plus a minimum quarterly payment of $4,500." (Dkt. 293-1 at 6.) The Court finds there is insufficient evidence and analysis in the record to support Plaintiff's assertion of an established royalty for the asserted patents in the aerospace field.

In reply, Plaintiff requests that if its bid for damages under a reasonable royalty theory is denied, "the Court instead award damages of $7,896 to Plaintiff as suggested by Defendant MDI in its Opposition." (Dkt. 312 at 1.) Defendant is adamant in its opposition that this is the correct calculation of damages for this case. (*See* Dkt. 307.) Defendants don't provide any alternative reason a trial would be necessary if their damages proposal was accepted. In light of Plaintiff's alternative willingness to agree to this damages award, Plaintiff's bid for compensatory damages will be GRANTED-IN-PART and Defendants will be found to owe $7,896 in compensatory damages.

### 2.2 Enhanced Damages

Plaintiff also seeks trebled compensatory damages under 35 U.S.C. § 284. (Dkt. 293 at 10–11.) The substance of Plaintiff's argument to support its bid for enhanced damages is set out in a single paragraph:

> Based on Defendants' litigation misconduct, including discovery violations resulting in the Court granting both of Plaintiff's motions to compel, and Defendants being found in contempt, and based on the merits of the case (all Defendants found to infringe all claims of all asserted patents, and all defenses rejected), and Defendants' other conduct described herein and as is well-known to the Court, Plaintiff requests the Court enhance the compensatory damages three times.

(Dkt. 293-1 at 10–11.) Defendants don't directly respond to these allegations, although Defendants generally emphasize that Plaintiff bears the burden of proof on its summary judgment claims. (*See generally*, Dkt. 307.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

"Section 284 gives district courts discretion in meting out enhanced damages." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). Enhanced damages are limited to "egregious cases of misconduct beyond typical infringement." *Id.* at 1935. Egregious cases are "typified by willful misconduct." *Id.* at 1934. "[C]ourts should . . . take into account the particular circumstances of each case in deciding whether to award [enhanced] damages, and in what amount." *Id.* at 1933.

Plaintiff has not alleged willful or egregious infringement in its Motion, and the Court did not determine willful infringement in its June 28, 2017 Order finding infringement. Instead, Plaintiff's emphasis is on Defendants' litigation misconduct. But courts generally analyze the nature of the underlying infringement conduct and the infringer's state of mind when determining whether enhanced damages are appropriate. *Polara Eng'g, Inc. v. Campbell Co.*, 237 F. Supp. 3d 956, 976 (C.D. Cal. 2017) (citing *Halo*, 136 S.Ct. at 1933); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826–27 (Fed. Cir. 1992) (identifying nine factors relevant to the egregious conduct inquiry, where "the infringer's behavior as a party to the litigation" is only one of the nine factors). Plaintiff has not presented evidence to show that Defendants' infringement conduct–as opposed to litigation conduct–has been egregious. Plaintiff's request for enhanced damages is DENIED.

### 3. Plaintiff's Motion for Remedies Other Than Damages

Here, it's worth noting that Defendants' opposition opposes Plaintiff's bid for attorney fees, but does not address Plaintiff's requests for prejudgment interest, post-judgment interest, costs, or an injunction. (*See generally*, Dkts. 308–309.) Despite this, Plaintiff still has an evidentiary burden to meet and the Court will individually consider each of Plaintiff's requests.

#### 3.1 Plaintiff's Attorney Fees

Plaintiff seeks attorney fees. (Dkt. 294-1 at 2–6.) Plaintiff argues that Defendants have repeatedly engaged in litigation misconduct, prompting the Court to note that this case has been plagued by "discovery disputes" and "procedural irregularities." (*Id.* at 3 (citing Dkt. 259 at 2).) Plaintiff cites numerous Court decisions admonishing Defendants for their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

misconduct. (*Id.* at 4(citing Dkts. 73, 74, 90, 136, 138, 149, 222).) Plaintiff further asserts, without clear support, that the substantive strength of the parties' litigating positions supports an award of attorney fees. (*Id.*)

In patent cases, the court "may award reasonable attorney fees to the prevailing party" if the case is "exceptional." 35 U.S.C. § 285. An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Relevant factors may include: frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* District courts also have discretion in deciding the manner that attorney fees are calculated. *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1260 (Fed. Cir. 2005).

This case stands out as exceptional. Plaintiff has prevailed on nearly every substantive issue. More importantly, Defendants have continuously engaged in poor litigation conduct resulting in prolonged and unnecessary litigation. Defendants' actions have forced Plaintiff's counsel to commit significant additional time and resources in this case. Defendants were held in contempt, stalled discovery, created a conflicting factual record, failed to appear in court on several occasions, and habitually submitted untimely or procedurally non-compliant papers. This exceptional behavior is clearly reflected by this Court's prior orders and statements on the record. (*See, e.g.*, 73, 74, 90, 136, 138, 149, 222.) Considering the totality of the circumstances, the Court, in its discretion, finds this to be an exceptional case.

Plaintiff's counsel argues that $446,250 is the reasonable amount of his attorney fees in this case, asserting in a declaration that he billed at least 1,050 hours working on this matter. (Dkt. 294-2 at ¶ 2.) But Plaintiff's counsel recognizes that Defendants have already been sanctioned and ordered to pay $28,402.50 to Plaintiff, so Plaintiff only requests $417,847.50 for its remaining attorney fees. (Dkt. 294-1 at 6.) Defendants challenge Plaintiff's argument that the case is exceptional, but do not challenge the amount of fees sought or Plaintiff's declaration identifying Plaintiff's counsel's billing rate or hours expended in this case.

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

Some have become concerned about wasted effort focused on the recovery of fees under Section 285. The calculation of actual fees awarded are a significant part of the time and energy dedicated to Section 285 motions.

"Authorities vary on how to establish attorney fees in the different areas where fees are recoverable." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1334 (C.D. Cal. 2015), *aff'd*, 669 F. App'x 575 (Fed. Cir. 2016). Of course, different factors are involved in the different areas where fees can be recovered, and they raise various issues. A victorious 1983 plaintiff may be enforcing important constitutional principles, while a fee award in a class action common fund situation may be enforcing statutory regulations. One purpose of Section 285 is to deter bad faith litigation by imposing the cost of a bad decision on the decision-maker. This Court has found "[t]here is a growing trend that District Court judges should award fees based on an overall global understanding and review of a case, rather than on a tedious review of voluminous time entries and hourly rates." *Universal Elecs.*, 130 F. Supp. 3d at 1335.

Former Supreme Court Justice Sandra Day O'Connor, sitting by designation, has emphasized the overall equitable nature of fee analysis. She has written that "[t]he net result of fee-setting jurisprudence . . . is that the district courts must engage in an equitable inquiry of varying methodology while making a pretense of mathematical precision." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 189 (2d Cir. 2007) (O'Connor, J., sitting by designation, joining in the opinion) (citation omitted). Justice Elena Kagan has echoed these sentiments in the following passage.

> [T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

*Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

The statements of Justices O'Connor and Kagan reflect what is happening in the legal profession as hourly billing has become increasingly unpopular and clients prefer to look at aggregate, global numbers. Accordingly, following these two justices and current practice in the profession, this Court uses an aggregate, global methodology.

After considering the totality of the circumstances particular to this case, especially considerations of varying degrees of skill and Plaintiffs' failure to object to the fee amount, the Court GRANTS Plaintiff's Motion for an exceptional case determination and finds that $250,000 is the appropriate amount for an award of attorney fees.

### 3.2 Prejudgment Interest

Plaintiff asks the Court to award prejudgment interest to both compensatory damages and attorney fees. (Dkt. 294-1 at 6–8.) Plaintiff contends it is entitled to interest from the earliest issue date of the infringed patents, April 28, 2009, through the date of judgment. Plaintiff states "[i]n California, Courts have applied a 7% statutory rate" and requests that the Court apply the same rate here. (*Id.* at 7–8.) Plaintiff also requests that the prejudgment interest be compounded quarterly to match Plaintiff's proposed royalty structure. (*Id.* at 8.) Plaintiff argues Defendants' litigation conduct is sufficient to justify extending the requested interest rate and quarterly compounding to attorney fees. (*Id.*)

In patent cases, "[p]rejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1262 (Fed. Cir. 2014) (citing *Gen. Motors Corp. v. Devex Corp.*, 103 S. Ct. 2058 (1983)). Prejudgment interest generally runs from the earliest date of infringement of any patent. *Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017). "Courts have discretion to determine the appropriate rate of prejudgment interest to be awarded." *Deckers Outdoor Corp. v. Superstar Int'l, Inc.*, No. CV 13-0566 AG (PJWx), 2014 WL 12588480, at *2 (C.D. Cal. Aug. 18, 2014) (citations omitted). Ultimately, prejudgment interest seeks to provide full compensation to the patent owner for "the forgone use of the [royalties] between the time of infringement and the date of judgment." *Gen. Motors*, 103 S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

Ct. at 2062–63. District courts may use their inherent power to award prejudgment interest on attorney fees in cases of "bad faith or other exceptional circumstances." *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988).

As noted, Defendants do not address Plaintiff's request for prejudgment interest in their Opposition, and the Court finds Plaintiff is entitled to prejudgment interest on its compensatory damages. However, Plaintiff's sole basis for its proposed 7% prejudgment interest rate is that it is the California statutory rate and other federal district courts in California have applied it. (Dkt. 262-1 at 12.) Plaintiff does not explain why 7% interest is an appropriate rate based on other available rates, Plaintiff's investing or borrowing activities, or any other evidence that might demonstrate this level of interest is required "to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty rate agreement." *Gen. Motors*, 103 S. Ct. at 2062. The Court will apply a 5% interest rate to Plaintiff's compensatory damages. Interest will not be compounded.

Plaintiff, however, has failed to demonstrate "bad faith or other exceptional circumstances" that would warrant pre-judgment interest on attorney fees. *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988); *see also Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, No. 10-CV-00482-EDL, 2016 WL 7732621, at *8 (N.D. Cal. Apr. 14, 2016), *aff'd sub nom. AIA Am., Inc. v. Eli Lilly & Co.*, 695 F. App'x 573 (Fed. Cir. 2017) (evaluating whether pre- and post-judgment interest should be awarded and citing the standard set out in *Mathis*). In *Mathis*, the Federal Circuit implied that interpreting this standard to allow "prejudgment interest on all attorney fee awards to all prevailing defendants in all exceptional cases" would be "unnecessarily broad." *Id.* at 760. Plaintiff has not submitted additional facts to support its request for prejudgment interest above and beyond the facts it submitted for its attorney fees request. The Court, in its discretion declines to award prejudgment interest on attorney fees in this case.

The Court GRANTS Plaintiff's request for prejudgment interest on compensatory damages at a rate of 5% interest, not compounded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

### 3.3 Post-Judgment Interest

Plaintiff requests post-judgment interest under 28 U.S.C. § 1961. (Dkt. 294-1 at 8.) Post-judgment interest is mandatory and is applicable to patent cases. 28 U.S.C. § 1961; *Goodwall Constr. Co. v. Beers Constr. Co.*, 991 F.2d 751, 759 (Fed. Cir. 1993). The Court GRANTS Plaintiff's request for post-judgment interest.

### 3.4 Costs

Plaintiff also seeks an award of costs. (Dkt. 294-1 at 9.) "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement . . . together with interest and costs." 35 U.S.C. § 284. Plaintiff has prevailed on its infringement claims and the Court finds that an award of costs in this case is warranted. Plaintiff may submit a Bill of Costs consistent with Federal Rule of Civil Procedure 54(d), 28 U.S.C. §1920 *et seq*, and Local Rule 54.

### 3.5 Permanent Injunction

Plaintiff also asks the Court for a permanent injunction against Defendants. (Dkt. 294-1 at 9–15.) The Court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. The Supreme Court has held that to obtain a permanent injunction under 35 U.S.C. § 283:

> A patentee must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Grants or denials of permanent injunctions are "act[s] of equitable discretion by the district court." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

Again, it's worth emphasizing that Defendants did not respond to any of Plaintiff's assertions regarding a permanent injunction.

Plaintiff argues that he has been irreparably harmed and that harm will continue if no permanent injunction to enjoin future infringement is issued. (Dkt. 294-1 at 11–12.) Plaintiff Lawrence E. Tannas submits a declaration in support of his request for an injunction. (Dkt. 294-4 ("Tannas Decl.").) In his declaration, Tannas explains that he has had "many discussions with past and present licensees and customers who reported to me specifically: 1) Defendants' continued use of my patented technology without any apparent legal consequences . . . ." (*Id.* at ¶ 6.) According to Tannas, Defendant MacIntyre has also made claims at trade shows that Tannas's patents were "no damn good" and that he did not infringe them. (*Id.*; *see also id.* at ¶ 7.)

Left with no clear guidance from the Court, Defendants may continue to tread on Plaintiff's patent rights. Plaintiff's unrebutted declaration statements show that there are at least some rumors (spread by Defendants) about the quality of Plaintiff's products and patent portfolio. *See Rent-A-Ctr. Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[I]ntangible injuries, such as damages to ongoing recruitment efforts and goodwill, qualify as irreparable harm.") With Tannas's statements unchallenged and unrebutted, Plaintiff has submitted sufficient evidence of irreparable harm.

Regarding inadequate remedies at law, Plaintiff notes Defendants' continued insistence that they are insolvent and argues "Defendants cannot have it both ways, i.e., be permitted to allege insolvency without filing bankruptcy on the one hand, and argue damages is an adequate legal remedy on the other hand." (Dkt. 294-1 at 13–14.) Indeed, Defendants insist throughout their current briefing that they are insolvent. (*See, e.g.*, Dkt. 308 at 2 ("And, this is in the context of Defendants not having the resources to properly defend themselves against a well-financed Tannas."); Dkt. 307 (same).) Without adequate monetary awards, Plaintiff stands to gain nothing from this prolonged litigation victory. A permanent injunction would ensure that, at a bare minimum, Defendants can no longer violate Plaintiff's patent rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

Concerning the balance of hardships, Plaintiff has much more to lose if a permanent injunction is denied. Tannas states that he has "invested approximately 20 years of [his] life and millions of dollars in the development and advancement of the display resizing industry." (Tannas Decl. at ¶ 9.) Plaintiff argues that if the Court does not grant an injunction "Defendants would continue to infringe Plaintiff's patents, and Plaintiff have to start all over with a new patent infringement action." (Dkt. 294-1 at 14.) It's not quite clear how Plaintiff would bring a new infringement action asserting the same patent against the same Defendants for infringement by the same accused products. But denying a permanent injunction does create a risk that Defendants will continue to tread on Plaintiff's (and its licensee's) rights. Defendants, on the other hand, must simply stop engaging in illegal activities. *See Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995) ("[Defendant] cannot complain of the harm that will befall it when properly forced to desist from its infringing activities.")

As to the public interest factor, enforcing patent rights is in the public's interest. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 735 F.3d 1352, 1372 (Fed. Cir. 2013) (accepting the enforcement of patents against a direct competitor as a valid public interest); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (finding there is a general public interest in upholding patent rights sufficient for a permanent injunction). Patents are a right to exclude and, without enforcement, patents lose most of their value. This public interest is sufficient to meet this equitable prong.

In sum, the Court GRANTS Plaintiff's request for a permanent injunction.

**4.    Disposition**

For the reasons stated, the Court

**GRANTS-IN-PART** Plaintiff's request for compensatory damages and awards Plaintiff compensatory damages in the amount of $7,896.

**DENIES** Plaintiff's request for enhanced damages;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00282 AG (JCGx) | Date | February 21, 2018 |
|---|---|---|---|
| Title | LAWRENCE E. TANNAS v. MULTICHIP DISPLAY, INC., et al. | | |

**GRANTS** Plaintiff's request for a determination that this is an exceptional case and awards Plaintiff attorney fees in the amount of $250,000.

**GRANTS-IN-PART** Plaintiff's request for prejudgment interest and awards Plaintiff prejudgment interest at a rate of 5%, non-compounding, on the compensatory damages award;

**GRANTS** Plaintiff's request for post-judgment interest consistent with 28 U.S.C. § 1961;

**GRANTS** Plaintiff's request for costs; and

**GRANTS** Plaintiff's request for permanent injunction.

The current schedule in this case is **VACATED**. The Court further **ORDERS** the parties to meet and confer within seven days and Plaintiff to file a Proposed Final Judgment that is consistent with this Order within ten days. The Court directs Plaintiff to read *United States Commodity Futures Trading Comm'n v. Intelligent Trades, LLC*, No. SA CV16-0020 AG (DFMx), --- F.Supp.3d ----, 2016 WL 6078718 (C.D. Cal. Oct. 12, 2016) in preparing the Proposed Final Judgment.